UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, )
SHEET METAL WORKERS' )
NATIONAL PENSION FUND, )
 )
    Plaintiff, )
 )
    v. ) Civil Action No. 1:10cv405
 )
KITCHEN EQUIPMENT MANUFACTURING )
CO., INC., )
 )
    Defendant. )

### REPORT AND RECOMMENDATION

This matter came before the Court for a hearing plaintiff's Motion for Default Judgment against defendant Kitchen Equipment Manufacturing Co., Inc. ("defendant").

### I. INTRODUCTION

**A. Background**

Plaintiff Sheet Metal Workers' National Pension Fund ("NPF"), employee benefit trust fund, multi-employer plan and employee benefit plan established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002(37), filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements.

Plaintiff seeks damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association, Local Union No. 105, to which defendant was a party. Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreement") establishing the trust fund. (See Compl. ¶¶ 1-5; Todd Declaration ¶ 2 ("Todd Decl.").)[1]

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff fund bringing this action maintains its principal place

---

[1] The collective bargaining agreement and Trust Agreement are hereinafter collectively referred to as "the Agreements."

of business and is administered in this district. (Compl. ¶ 4.)
This Court has personal jurisdiction over defendant under the
decision in Board of Trustees, Sheet Metal Workers Nat'l Pens.
Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va.
1997). Defendant does business with plaintiff funds that is
sufficient to create personal jurisdiction over defendant in this
district and a substantial part of the events or omissions giving
rise to the claim occurred in this district.

### C. Service of Process

Process was served on defendant by hand-delivering copies of
the Summons and Complaint to David M. Rodriguez, registered agent
of defendant, at 2102 Maple Privado, Ontario, California, on May
7, 2010. (See Summons Returned Executed (Dkt. No. 4).)

### D. Grounds for Default

Defendant has failed to appear, answer, or file any other
responsive pleadings in this matter. On June 11, 2010, plaintiff
filed a Request for Entry of Default with the Clerk's office.
(Dkt. No. 5.) The Clerk entered default as to defendant on June
14, 2010. (Dkt. No. 6.) On July 9, 2010, plaintiff filed a
Motion for Default Judgment and the hearing was conducted on July
16, 2010. (Dkt. Nos. 7, 12.) After the defendant failed to
appear at the July 16 hearing, the undersigned Magistrate Judge
took the case under advisement to issue this Report and
Recommendation.

## II. FACTUAL FINDINGS

Based on the Complaint; the Declaration of Joshua Todd, the Billing Manager of NPF ("Todd Decl."); the Declaration of Sarah G. Naji, Esquire, plaintiffs' counsel ("Naji Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.[2]

Plaintiff, who is an employee benefit plan/trust fund, brings this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Mot. for Default J. ¶ 7.) Plaintiff seeks to collect unpaid monthly benefit plan contributions, interest and liquidated damages on unpaid and delinquent contributions, late fees, and attorneys' fees and costs due under the terms of the Collective Bargaining Agreements ("Agreements"), Agreements and Declarations of Trust, and the Rules and Regulations for the Fund. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 105. (Todd Decl. ¶ 2.)

Plaintiff seeks an order holding defendant liable and requiring defendant: (1) to make contributions due the Fund;(2)

---

[2] Documents submitted in proof of damages include plaintiffs' Motion for Default Judgment ("Mot. for Default J.") and Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default J.").

4

to pay all contractual late charges and all interest and liquidated damages on the unpaid contributions; and (3) to pay plaintiffs' reasonable attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Mot. for Default J. 1-3; Todd Decl. ¶¶ 4-5; Naji Decl. ¶¶ 4-6.)

In addition, plaintiff seeks injunctive relief enjoining the defendant and all persons acting on its behalf from refusing to (1) file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under its current and future collective bargaining agreements, (2) pay to plaintiff all monies, including contributions due through the date of judgment and thereafter, liquidated damages, interest from the date payment was due until paid, or through the date of judgment, and for all other periods for which defendant is obligated, and (3) permit an audit of wage, payroll, and personnel records for all periods for which defendant is obligated to contribute to the Fund and pay all contributions, interest, and liquidated damages discovered in such audit and the costs of such audit. (Mot. for Default J. 1-3)

The Agreements require defendant to submit monthly contributions to the plaintiffs on behalf of all covered employees. (Todd Decl. ¶ 3.) Contributions must be made for each hour for which employees worked, each hour for which

5

employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements. (Todd Decl. ¶ 3; Compl. ¶ 14-17.) In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, <u>inter alia</u>, their employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees. (Todd Decl. ¶ 3; Compl. ¶¶ 14-17.) The completed remittance reports and accompanying contributions are due the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred ("due date"). (Todd Decl. ¶ 3.)

In violation of the Agreements, at the time the Complaint was filed, defendant was delinquent in paying contributions to the Fund for the for the period of July 2007, July 2009, and September 2009 through March 2010 and failed to make the required contributions to the Fund in a timely manner for months including August 2007 through December 2007, February 2008 through March 2008, July 2008 through September 2008, December 2008 through February 2009, April 2009 through June 2009, and August 2009. (Todd Decl. ¶ 4.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[3] plaintiff is entitled to recover: (1) the full amount of unpaid contributions; (2) interest on

---

[3] 29 U.S.C. § 1132(g)(2).

contributions which were paid late or remain unpaid;[4] (3) liquidated damages for contributions which were paid late or remain unpaid;[5] (4) late fees;[6] and (5) reasonable attorneys' fees and the costs of this action. Since plaintiff initiated the current action, defendant has submitted certain remittance reports and made partial payment to the Fund for the July 2007, July 2009, and September 2009 through January 2010 delinquent contributions, causing the delinquent amount to be adjusted to $7,439.87. Defendant has failed to make the required contributions to the Find in a timely manner for months including August 2007 through December 2007, February 2008 through March 2008, July 2008 through September 2008, December 2008 through February 2009, April 2009 through June 2009, and August 2009.

The amounts currently due in unpaid and delinquent monthly contributions, accrued interest on unpaid and delinquent contributions calculated through July 16, 2010, liquidated damages on unpaid and delinquent contributions, and late fees

---

[4] For the Funds, interest is calculated at the rate prescribed under the Funds' Agreement and Declaration of Trust, 0.0233%. (See Todd Decl. ¶ 5.)

[5] For the Fund, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. (Todd Decl. ¶ 5.) In this case, 20% of the delinquent contributions.

[6] Late fees are equal to 10% of the delinquent contributions, plus an additional 0.01% of the delinquent contributions, from the original date due through date paid, compounded monthly. Accrued late fees based upon October 2008 contributions not paid when due, which have now been paid. (Todd Decl. ¶ 9.)

based on October 2008 contributions not paid when due are summarized as follows:

| Fund | Payments Due | Interest | Liq. Dam. | Fees | Total |
|---|---|---|---|---|---|
| NPF | $7,439.87 | $1,872.48 | $7,799.59 | $15,060.39 | $32,172.33 |
| TOTAL | $7,439.87 | $1,872.48 | $7,799.59 | $15,060.39 | $32,172.33 |

(Mem. Supp. Default J. at 5; Todd Decl. ¶¶ 4-9.)

Finally, plaintiffs seek $1,888.42 in attorneys' fees and costs. In support of this request, plaintiffs submitted the Declaration of Sarah G. Naji, Esquire and a time and expense report from Slevin & Hart, PC (Ex. to Naji Decl.). The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment in favor of plaintiff having concluded that plaintiff is entitled to recover the following: $7,439.87 in unpaid contributions; $1,872.48 in accrued interest through July 16, 2010 and continuing to accrue through the date of payment; $7,799.59 in liquidated damages; $15,060.39 in late fees; and $1,888.42 in reasonable attorneys' fees and costs. Thus, the recommended award total is $34,060.75.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: that defendant be enjoined from failing to (1) file complete, proper, and timely remittance reports with accompanying contributions for all periods for which

defendant is obligated to do so under its current and future collective bargaining agreements, (2) pay to plaintiff all monies, including contributions due through the date of judgment and thereafter, liquidated damages, interest from the date payment was due until paid, or through the date of judgment, and for all other periods for which defendant is obligated, and (3) permit an audit of wage, payroll, and personnel records for all periods for which defendant is obligated to contribute to the Fund and pay all contributions, interest, and liquidated damages discovered in such audit and the costs of such audit.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

Kitchen Equipment Manufacturing Company, Inc.
David M. Rodriquez, Registered Agent
2102 Maple Privado
Ontario, CA 91766

_____/s/_____
Theresa Carroll Buchanan
United States Magistrate Judge

August 5, 2010
Alexandria, Virginia